**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SHAWN HANDYSIDE,

                           Plaintiff,

        - v -                                    Civ. No. 1:21-CV-422
                                                  (MAD/DJS)

BERNARD ATKINS and ETSY, INC.,

                           Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

      The Clerk of the Court has sent to the undersigned for review a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") filed by *pro se* Plaintiff Shawn Handyside. Dkt. No. 2.

      A court may authorize a litigant to proceed *in forma pauperis* if it determines that he or she is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). "The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court." *Deep v. Boies*, 2010 WL 11526763, at *1 (N.D.N.Y. Mar. 19, 2010) (citation omitted).

      As a standard for determining eligibility for IFP status, section 1915(a)(1) does not set financial guideposts; instead, the statute merely provides that IFP status may be granted when the court is satisfied "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). To make this threshold showing a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. U. S.*, 77 Fed. Cl. at 62 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85 (1948)). Put another way, section 1915(a)(1) does not require

---

[1] "A decision to deny or revoke IFP status [ ] is generally regarded as dispositive and thus falls outside [a magistrate judge's] purview." *Abreu v. Lira*, 2014 WL 4966911, at *2 n.1 (N.D.N.Y.Sept. 30, 2014) (citing *Kiobel v. Millson*, 592 F.3d 78, 92 (2d Cir. 2010)).

> a showing of absolute destitution to qualify for IFP status. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). As the Second Circuit has noted, "[n]o party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (citing *Adkins*, 335 U.S. at 339, 69 S. Ct. at 89).

*Id.*

Based upon the information provided in Plaintiff's Motion, this Court determines that Plaintiff has the ability to pre-pay the entire $402 filing fee required to maintain this action. In particular, Plaintiff's Motion reflects that he receives $16 per hour in gross income, and has over $12,000 in a checking account as well as some other assets in the form of a vehicle and stocks. *See* Dkt. No. 2 at pp. 1-2. Finally, it appears that Plaintiff has a total of $1,555 in expenses per month. Based upon this information, the Court finds that Plaintiff does not meet the requirements in order to proceed IFP.

The Court recommends that the District Court dismiss Plaintiff's Complaint if he does not submit the filing fee, or submit additional information indicating that he is unable to pay such fee, within thirty (30) days of the filing date of this Report-Recommendation and Order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Date:  April 16, 2021
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge